UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTINA O.,

                Plaintiff,                        **DECISION AND ORDER**

     v.

                                    1:24-CV-00610 EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Justina O. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act ("Act"), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g). (*See id.*)

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 9; Dkt. 15). For the reasons discussed below, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied.

## **BACKGROUND**

In September 2016, Plaintiff filed protective applications for DIB and SSI. (*See* Dkt. 5 at 173-86).[1]  In her application, Plaintiff alleged that she was disabled because of neck issues, back issues, gout, carpal tunnel syndrome, high blood pressure, and high cholesterol, with a disability onset date of August 1, 2010. (*See id.* at 174, 198). The Social Security Administration ("SSA") initially denied Plaintiff's applications, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*See id.* at 85-104, 106-15). Following a hearing on October 29, 2018, ALJ Elizabeth Ebner issued an unfavorable decision on December 14, 2018. (*See id.* at 13-27, 36-84). Plaintiff requested Appeals Council review, which was denied on December 12, 2019. (*See id.* at 7-12).

Plaintiff then filed a district court action, and on July 26, 2021, the Honorable John L. Sinatra, Jr., remanded Plaintiff's case to the Commissioner for further administrative proceedings. (*See id.* at 566-84). On October 3, 2022, Plaintiff had another hearing before ALJ Ebner. (*See id.* at 534-65). Then, on November 2, 2022, ALJ Ebner issued a partially favorable decision, finding that Plaintiff became disabled on October 28, 2019. (*See id.* at 511-26). Plaintiff filed another district court action, and on July 12, 2023, this Court remanded Plaintiff's case to the Commissioner for further administrative proceedings pursuant to a joint stipulation by the parties. (*See id.* at 1116-17). On February 16, 2024, Plaintiff had a hearing before ALJ William Weir, who issued an unfavorable decision on

---

[1]     Page numbers in docket citations refer to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

March 1, 2024.  (*See id.* at 1044-89).  Plaintiff then filed the present action on June 27, 2024.  (Dkt. 1).

## LEGAL STANDARDS

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation modified).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by "substantial evidence."  *See* 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera*, 697 F.3d at 151 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation modified).  However, "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citation modified).

### II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* But if the claimant does have at least one severe impairment, the ALJ continues to step three. *Id.*

At step three, the ALJ examines whether a claimant's severe impairment meets or medically equals the criteria of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the severe impairment meets or medically equals the criteria of a listed impairment and has lasted, or is expected to last, for a continuous period of at least 12 months, then the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "'A regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* But if he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.

*Id.* §§ 404.1520(g), 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant, in light of his or her age, education, and work experience, "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citation modified); *see* 20 C.F.R. §§ 404.1560(c), 416.960(c).

## DISCUSSION

### I.  The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a).  (*See* Dkt. 5 at 1047-58).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of August 1, 2010.  (*See id.* at 1050).

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease; (2) carpal tunnel syndrome; (3) osteoarthritis; and (4) obesity.  (*See id.* ).  The ALJ found that Plaintiff's gout, high blood pressure, and high cholesterol were non-severe impairments.  (*See id.*).  Further, the ALJ considered the impact of Plaintiff's severe and non-severe impairments on her mental work-related functioning and found that she was: (1) mildly impaired in understanding, remembering, or applying information; (2) mildly impaired in interacting with others; (3) mildly impaired in concentrating, persisting, or maintaining pace; and (4) mildly impaired in adapting or managing herself.  (*See id.* at 1050-51).

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the Listings.  (*See id.* at 1051-52).  In particular, the ALJ considered Listings

1.15, 1.16, and 1.18. (*See id.*). Then, before proceeding to step four, the ALJ concluded that Plaintiff had the RFC to perform "sedentary work" as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(b), except that she:

> Can occasionally climb ramps and stairs, can never climb ropes, ladders or scaffolds, can occasionally stoop, kneel, crouch and crawl, can occasionally reach and perform work in the normal anatomic plane above shoulder height (which [is] further defined as a level created by an imaginary disc placed on [Plaintiff's] shoulders and extending out in all directions infinitely), and can frequently do so below shoulder height, can frequently use hand controls and foot controls, can frequently handle and finger, can have no exposure to unprotected heights or dangerous machinery, tools or chemicals, can have occasional exposure to extreme cold and heavy vibration, [and] when walking greater than 10 feet must be able to use a single point cane but is able to carry the requisite 10 pounds in the opposite hand.

(*See id.* at 1052 (citation modified)).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 1056). But at step five, based on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff, given her age, education, work experience, and RFC, could perform work existing in significant numbers in the national economy as a document preparer or a call-out operator. (*See id.* at 1056-57). Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Act between August 1, 2010, and October 27, 2019. (*See id.* at 1057).[2]

---

[2]    As Plaintiff points out in her brief, ALJ Weir made a typographical error in his decision when he concluded that Plaintiff "ha[d] not been under a disability . . . from August 1, 2010, through the date of this decision." (Dkt. 5 at 1057). The Court's decision in this case does not impact or otherwise overrule ALJ Ebner's previous determination that Plaintiff became disabled on October 28, 2019.

II.    **Analysis**

Plaintiff asks the Court to reverse and remand the Commissioner's decision solely for a calculation of benefits, arguing that the ALJ's step five determination was unsupported by substantial evidence. (*See* Dkt. 9-1 at 19-25). More specifically, Plaintiff argues that the document preparer position, as defined by the Dictionary of Occupational Titles ("DOT"), is obsolete and that the call-out operator position does not exist in sufficiently significant numbers within the national economy. (*See id.* at 19-24). As discussed further below, the Court agrees with Plaintiff that the ALJ's step five determination was unsupported by substantial evidence but concludes that remand for further administrative proceedings, rather than solely for a calculation of benefits, is appropriate.

At step five of the sequential evaluation, "the burden shifts, to a limited extent, to the Commissioner to show that other work exists in significant numbers in the national economy that the claimant can do." *Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022). "Because the shift in step five is limited, the Commissioner need not provide additional evidence of the claimant's residual functional capacity." *Id.* (citation modified). Ultimately, however, "if the Commissioner cannot meet his or her burden to demonstrate that such work exists, then the claimant will be found disabled under the Act." *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018) (citation modified).

According to the regulations, "work exists in the national economy when there is a significant number of jobs (in one or more occupations) having the requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational

qualifications." 20 C.F.R. §§ 404.1566(b), 416.966(b) (citation modified). "Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are not considered 'work which exists in the national economy.'" *Id.* But "work may be considered to exist in the national economy regardless of whether it exists in the immediate area of the claimant's residence, whether there is a specific job vacancy, or whether the claimant would be hired upon applying to the position." *Sanchez*, 336 F. Supp. 3d at 177 (citation modified). Thus, "an ALJ may rely on the Medical-Vocational Guidelines or upon vocational expert testimony to determine whether the claimant's skills are applicable to other work." *Id.* (citation modified). "No particular number of positions need be identified: so long as it exists in sufficiently significant numbers, '[t]he Commissioner need only show one job existing in the national economy that [the claimant] can perform.'" *Id.* (quoting *Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011)).

Here, during the hearing on February 16, 2024, the ALJ asked the VE whether there were any jobs that a hypothetical individual with Plaintiff's RFC could perform and, if so, to give him two examples. (*See* Dkt. 5 at 1086). The VE responded that the hypothetical individual could work as a document preparer or a call-out operator. (*See id.*). Further, according to the VE, there were 15,670 document preparer positions and 1,977 call-out operator positions in the national economy. (*See id.*).

The issue with the VE's testimony regarding the call-out operator position is that it does not exist in significant numbers within the national economy. *See Sanchez*, 336 F. Supp. 3d at 177 ("Courts have not established a bright line test as to the threshold number

- 8 -

of jobs that is considered 'significant' for purposes of the Act[;] [h]owever, courts have generally held that what constitutes a 'significant' number is fairly minimal, and numbers similar to those presented here—between 9,000 and 10,000 jobs—have typically been found to be sufficiently 'significant' to meet the Commissioner's burden." (citation modified).  And the issue with the VE's testimony regarding the document preparer position is that the DOT's definition of the position is "comically out of date." *See Melanie V. v. Comm'r of Soc. Sec.*, No. 23-CV-973S, 2024 WL 3337924, at *5 (W.D.N.Y. July 9, 2024) (acknowledging that "indeed, as other courts in this Circuit have recently decided, [the DOT's] definition [of a document preparer] is 'comically out of date' for the 'lost art' of microfilming." (citation modified)).

The SSA has issued an Emergency Message ("EM") establishing "heightened evidentiary and articulation requirements about certain [DOT] occupations whose continued widespread existence multiple courts have questioned."  *See* SSA EM-24027 REV,   https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM   (Jan.   6, 2025).  The EM explains that "an adjudicator may not cite any of the DOT occupations listed below to support a framework 'not disabled' determination or decision without additional evidence from a . . . VE supporting the adjudicator's conclusion."  *Id.*  And document preparer is one of the listed occupations.  *See id.*

Accordingly, although the EM does not indicate whether it applies retroactively, the Court believes that remand for further administrative proceedings is appropriate.  *See, e.g.*, *Corey S. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0678 (ML), 2021 WL 2935917, at *12 (N.D.N.Y. July 13, 2021) (remanding for further administrative proceedings where "in

light of the overwhelming evidence that the document preparer position, as defined in the [DOT], is obsolete in the national economy, the non-adversarial nature of the administrative hearing process, and the ALJ's burden at step five, this court concludes that the ALJ could not reasonably rely solely on the VE testimony that there were approximately 45,000 document preparer positions in the national economy that Plaintiff could perform." (citation modified)).  The Court does not believe that remand solely for a calculation of benefits is appropriate because the VE may be able to provide evidence of other jobs that a hypothetical individual with Plaintiff's RFC can perform, especially if the ALJ asks for a more comprehensive list.  *See Bavaro*, 413 F. App'x at 384; *see also Vargas v. Sullivan*, 898 F.2d 293, 296 (2d Cir. 1990) (explaining that remand solely for a calculation of benefits is appropriate when there is an "infinitesimal likelihood" of employment).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       January 15, 2026
             Rochester, New York